IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BHARAKUMAR GIRISHKUMAR THAKKER, | : | 4:09-cv-451 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| ERIC HOLDER, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY, | : : : : | |
| Respondents. | : | |

## MEMORANDUM

**October 21, 2009**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Malachy E. Mannion (Doc. 12) which recommends that we dismiss as moot Bharatkumar Girishkumar Thakker's petition for writ of habeas corpus made pursuant to 28 U.S.C. § 2241 ( Doc. 1) and the we subsequently close this case. The Petition challenges Thakker's detention by the United States Immigration and Customs Enforcement ("ICE") Agency. However, since the filing of this action, Petitioner was granted relief from removal from the Untied States and the Department of Homeland Security has not filed an appeal of that

1

decisions. As a result, Petitioner has been released from ICE's custody, and thus the Petition, which seeks Petitioner's release from ICE's custody, is necessarily moot.[1]

No objections to the R&R have been filed by any party. For the reasons set forth below, the Court will adopt the R&R.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F.

---

[1] Upon the issuance of the R&R, a copy was sent to the Petitioner at his last known place of detention, the Pike County Correctional Facility. The R&R was returned to the Clerk's office because Thakker is no longer incarcerated. Thakker did not supply the Court with a forwarding address, evidencing his understanding that this action was mooted by his release.

Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Petitioner Bharatkumar Girishkumar Thakker filed the instant Petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by ICE. An order to show cause was issued on March 19, 2009. (Doc. 4). A response to the Petition and a motion to dismiss were filed on April 15, 2009. (Doc. 9). On September 23, 2009, Respondents filed a motion to dismiss the Petition as moot, citing Petitioner's release from ICE custody. (Doc. 11). The Government informed the Court that the Petitioner was granted relief from removal from the Untied States and that the Department of Homeland Security did not appeal the decision. Thereafter, Petitioner was released from ICE custody, rendering the Petition moot. Through a well-reasoned R&R dated September 30, 2009, Magistrate Judge Mannion recommended that we dismiss the Petition as moot.

As we have already mentioned, neither Petitioner nor the Respondents have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the

3

reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BHARATKUMAR GIRISHKUMAR THAKKER : | |
| Petitioner : | CIVIL ACTION NO. 4:09-0451 |
| v. : | (JONES, D.J.) |
| | (MANNION, M.J.) |
| ERIC HOLDER, U.S. Attorney : | |
| General; IMMIGRATION AND | |
| CUSTOMS ENFORCEMENT (I.C.E.) : | |
| DEPARTMENT OF HOMELAND | |
| SECURITY : | |
| Respondents : | |

## REPORT AND RECOMMENDATION[1]

On March 11, 2009, the petitioner filed the instant action pursuant to 28 U.S.C. §2241, in which he challenges his detention by the United States Immigration and Customs Enforcement ("ICE") agency. (Doc. No. 1.) An order to show cause was issued on March 19, 2009. (Doc. No. 4). A response to the petition and motion to dismiss was filed on April 15, 2009. (Doc. No. 9). On September 23, 2009 the respondents filed a motion to dismiss as moot. (Doc. No. 11). In that motion, the government has informed the Court that the petitioner was granted relief from removal from the United States and that the Department of Homeland Security has not filed an appeal. As a result, the petitioner was released from ICE custody.

A petition for writ of habeas corpus is the exclusive federal remedy for

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006) (emphasis added). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492 (1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the petitioner is released prior to the disposition of the case. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction–in other words, if the petitioner is challenging solely his custody and not the cause of it–he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction.[2] Spencer, 523 U.S. at 7;

---

[2] In contrast, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the

Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to. Sanchez v. Attorney General, United States, 146 Fed.Appx. 547, 549 (3d Cir. 2005) (not precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D. Pa. 2004).

Here, the instant petition is moot. The petitioner has been released from ICE custody and is no longer subject to detention. Therefore, the petitioner has received the relief he sought in this court, and there is nothing more that the court could do for him.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:** the petitioner's petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED** as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: September 28, 2009

O:\shared\REPORTS\2009 Reports\09-0451-01.wpd

---

parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

3

# NOTICE

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule **72.3**, M.D.PA, which provides:

## 72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within **ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.